UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EDWARD BISHOP, | ) |
| *Petitioner,* | ) Cause No. 3:19-CV-373 RLM |
| | ) (Arising from 3:17-CR-55 RLM) |
| v. | ) |
| UNITED STATES OF AMERICA, | ) |
| *Respondent.* | ) |

OPINION AND ORDER

Edward Bishop was found guilty at trial of discharging a firearm during and in relation to a drug trafficking crime, a violation of 18 U.S.C. § 924(c). The court sentenced Mr. Bishop to a term of 120 months' imprisonment and two years' supervised release. The judgment was affirmed on appeal. Mr. Bishop is now before the court with several requests: 1) that the court vacate his conviction and sentence under 28 U.S.C. § 2255. [Doc. No. 141]; 2) that the court allow for certain document production regarding the collateral attack on his sentence and conviction [Doc. No. 139]; 3) that the court allow for other certain discovery regarding his collateral attack [Doc. No. 144]; 4) that the court return certain seized property [Doc. No. 137]; 5) that the court release Mr. Bishop from custody with a recognizance bond [Doc. No. 147]; and 6) that the court grant him summary judgment on all his pending requests [Doc. No. 150]. For the following reasons, the court denies Mr. Bishop's motions.

I. BACKGROUND

On May 13, 2017 Edward Bishop sold drugs at a Walmart parking lot in Warsaw, Indiana. The transaction occurred in Mr. Bishop's car. The buyer's car was nearby and was driven by the buyer's girlfriend. During the transaction things went wrong and the buyer quickly left Mr. Bishop's car. The buyer began running towards his own vehicle while Mr. Bishop exited his car and fired two shots at the fleeing buyer. Mr. Bishop's shots missed the buyer and at least one shot struck the buyer's girlfriend as she drove away. These events were recorded on the Walmart security video system.

That same evening police obtained a warrant and searched Mr. Bishop's car. The police found marijuana, Ecstasy, a digital scale, a handgun and loaded magazines. Police also recovered information from the buyers' cell phones, as well as information from Mr. Bishop's phone. A picture on Mr. Bishop's phone showed him posing with the recovered handgun. The handgun matched the gun depicted in the Walmart security footage.

On appeal of his conviction, Mr. Bishop only challenged the search warrant that allowed investigators to access the information on his cell phone. The court of appeals rejected Mr. Bishop's argument and affirmed the district court's judgment. United States v. Bishop, 910 F.3d 335 (7th Cir. 2018).

II. DISCUSSION

Mr. Bishop has a number of pending motions before the court. Each will be addressed in turn.

A. <u>Motion to Vacate</u>

Mr. Bishop presents several arguments attacking his sentence and conviction in his 28 U.S.C. § 2255 petition: 1) that his trial counsel failed to file a motion dismissing the alleged defective indictment against him; 2) that appellate counsel failed to appeal the alleged defective indictment; 3) that he is factually innocent because he can't be charged under 18 U.S.C. § 924(c) without also being charged with a predicate drug offense; 4) that the district court constructively amended his indictment when certain jury instructions were tendered to the jury; and 5) that there was insufficient evidence to convict him of the 18 U.S.C. § 924(c) offense. The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Mr. Bishop's petition can be resolved without a hearing. *See* <u>Bruce v. United States</u>, 256 F.3d 592, 597 (7th Cir. 2001); <u>Daniels v. United States</u>, 54 F.3d 290, 293 (7th Cir. 1995).

*i. Ineffective Assistance and Factual Innocence*

Mr. Bishop first argues that the court should vacate his conviction because it was due, in part, to the failure of trial and appellate counsel to challenge the

3

indictment charging him for violating 18 U.S.C. § 924(c). Mr. Bishop argues the indictment was deficient because he is factually innocent of violating 18 U.S.C. § 924(c). Specifically, Mr. Bishop argues that 18 U.S.C. § 924(c) requires a conviction of a predicate offense – that in order to be found guilty of discharging a firearm during a drug trafficking crime one must also be convicted of a drug trafficking crime itself. Because Mr. Bishop didn't challenge the indictment before trial, didn't request a bill of particulars, and didn't raise this issue on direct appeal or provide cause for not doing so, the court can't reach the merits of this collateral attack.

If Mr. Bishop believed that the charging indictment was defective, he was required to challenge the indictment before trial. *See* Fed. R. Crim. P. 12(b). Because he didn't challenge the indictment before trial, he waived any suppression argument unless he can show good cause. Fed. R. Crim. P. 12(c)(3); United States v. Cardena, 842 F.3d 959, 988 (7th Cir. 2016). And because Mr. Bishop didn't pursue an appeal on this issue, he can't raise it "on collateral review unless [he] shows cause and prejudice," Massaro v. United States, 538 U.S. 500, 504 (2003), or actual innocence. Delatorre v. United States, 847 F.3d 837, 843 (7th Cir. 2017). Since Mr. Bishop offers no cause for not moving to challenge the indictment before trial or pursuing an appeal on that issue, so he is barred from raising a claim that his conviction was obtained by a deficient charging indictment in a collateral attack. *See* Massaro v. United States, 538 U.S. at 504; Delatorre v. United States, 847 F.3d at 843; United States v. Cardena, 842 F.3d at 988.

Mr. Bishop's only other avenues of collateral attack is to either argue that his attorneys provided him ineffective assistance of counsel in not moving the indictment or that he is actually innocent. To prevail on an ineffective assistance of counsel claim, Mr. Bishop must show both that his attorneys' performance "fell below an objective standard of reasonableness" and that there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688-693 (1984). This is a difficult standard to meet; to prevail, Mr. Bishop must show both "that counsel made errors so serious that 'counsel' was not functioning as the counsel guaranteed the defendant by the Sixth Amendment" and "that counsel's errors were so serious as to deprive [Mr. Bishop] of a fair [result]." Strickland v. Washington, 466 U.S. at 687. Mr. Bishop "bears a heavy burden" in proving that his counsel was consitutionally ineffective. Barker v. United States, F.3d 629, 633 (7th Cir. 1993).

There is a strong presumption that counsel performed effectively. *See* Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003). "A court's scrutiny of an attorney's performance is 'highly deferential' to eliminate as much as possible the distorting effects of hindsight, and we 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Vinyard v. United States, 804 F.3d 1218, 1225 (7th Cir. 2015) (quoting Strickland v. Washington, 466 U.S. at 687). Because reviewing courts shouldn't second-guess counsel's strategic choices, the burden of showing that counsel's decisions fell outside the wide range of reasonable

5

strategic choices "rest[s] squarely on the defendant." Burt v. Titlow, 571 U.S. 12, 22–23 (2013).

"Even if counsel's performance was deficient, a petitioner must also show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' meaning 'a probability sufficient to undermine confidence in the outcome.'" Eckstein v. Kingston, 460 F.3d 844, 848 (7th Cir. 2006) (quoting Strickland v. Washington, 466 U.S. at 694).

Mr. Bishop argues that his counsel was unconstitutionally ineffective because his attorney didn't challenge the allegedly defective indictment. The premise of this argument centers on the allegation that Mr. Bishop is factually innocent of violating 18 U.S.C. § 924(c) because § 924(c) requires a conviction of a predicate drug trafficking offense. Mr. Bishop's ineffective assistance and actual innocence arguments are therefore intertwined.

By viewing § 924(c) as a sentence-enhancement statue, Mr. Bishop misunderstands the law. A violation of § 924(c) is a "stand-alone crime" and "does not require a prosecution for or conviction of" a predicate drug trafficking offense. Davila v. United States, 843 F.3d 729, 8731 (7th Cir. 2019). "§ 924(c) does not require the defendant to be convicted of (or even charged with) the predicate crime." Johnson v. United States, 779 F.3d 125, 129 (7th Cir. 2015). Mr. Bishop can't succeed on his actual innocence claim.

Mr. Bishop was properly charged for violating § 924(c). Mr. Bishop can't overcome the "strong presumption" that follows the "wide range of reasonable

6

professional assistance" offered by his attorney, including his trial attorney's decision to not challenge the indictment or his appellate attorney's decision not to appeal on such grounds. Strickland v. Washington, 466 U.S. at 689.

## ii. *Constructive Amendment and Sufficient Evidence*

Mr. Bishop next argues that the court should vacate his conviction because of faulty jury instructions and the failure to convict him based on sufficient evidence. Similarly, to the challenge to the charging indictment, because Mr. Bishop didn't object to the jury instructions at trial and didn't raise this issue on direct appeal or provide cause for not doing so, the court can't reach the merits of this collateral attack. *See* Massaro v. United States, 538 U.S. at 504; Delatorre v. United States, 847 F.3d at 843; United States v. Cardena, 842 F.3d at 988. Mr. Bishop doesn't contend that his counsel was ineffective as to these arguments.

Though 18 U.S.C. § 924(c) doesn't require the charging of a predicate crime, elements of the predicate crime must be proven to sustain a conviction under it. United States v. Moore, 763 F.3d 900, 908 (7th Cir. 2014). At the close of trial, the jury was instructed that the government was required to prove the all the elements of possession of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1) and the elements of § 924(c). The jury was further instructed as to the essential elements of each crime.

At trial, facts proving these elements were presented to the jury. The government presented evidence that Mr. Bishop negotiated the price, quantity,

7

and location of the proposed drug transaction with the buyers. The government explained how Mr. Bishop transported the drugs to the Walmart parking lot. When the transaction went wrong, the government provided evidence of Mr. Bishop firing his handgun at least two times, with one of the shots striking a buyer as she drove away. The jury heard all this and was provided with surveillance video, cell phone evidence, photos, various descriptive evidence, and Mr. Bishop's police interview. The jury was properly instructed as to Mr. Bishop's violation of § 924(c) and was presented with sufficient evidence to prove the required elements of the crime.

### B. Motions for Document Production and Leave to Conduct Discovery

In conjunction with his motion to vacate, Mr. Bishop asks the court to open various avenues of discovery including a request to produce the verdict form and grand jury transcripts. The court file contains no discovery materials, so the court can't grant the request for grand jury transcripts. As to other documents pertaining to Mr. Bishop's sentence and conviction, such requests must be made to the court clerk. Mr. Bishop is free to file a letter motion requesting such documents from the clerk.

### C. Motion for Return of Seized Property

Mr. Bishop has also filed a motion to return four hundred and eighty-six dollars and a cell phone that were allegedly seized during the search of his residence. On May 1, 2019, this court ordered Mr. Bishop to provide the court

and location of the proposed drug transaction with the buyers. The government explained how Mr. Bishop transported the drugs to the Walmart parking lot. When the transaction went wrong, the government provided evidence of Mr. Bishop firing his handgun at least two times, with one of the shots striking a buyer as she drove away. The jury heard all this and was provided with surveillance video, cell phone evidence, photos, various descriptive evidence, and Mr. Bishop's police interview. The jury was properly instructed as to Mr. Bishop's violation of § 924(c) and was presented with sufficient evidence to prove the required elements of the crime.

### B. Motions for Document Production and Leave to Conduct Discovery

In conjunction with his motion to vacate, Mr. Bishop asks the court to open various avenues of discovery including a request to produce the verdict form and grand jury transcripts. The court file contains no discovery materials, so the court can't grant the request for grand jury transcripts. As to other documents pertaining to Mr. Bishop's sentence and conviction, such requests must be made to the court clerk. Mr. Bishop is free to file a letter motion requesting such documents from the clerk.

### C. Motion for Return of Seized Property

Mr. Bishop has also filed a motion to return four hundred and eighty-six dollars and a cell phone that were allegedly seized during the search of his residence. On May 1, 2019, this court ordered Mr. Bishop to provide the court

with affidavits and other evidence necessary to decide his motion. Mr. Bishop and the government have since provided affidavits, evidence, and other clarifying information as to Mr. Bishops assets.

Mr. Bishop has provided sufficient evidence to demonstrate that the money and cell phone belong to him. The government doesn't dispute ownership of these assets, but inform the court that the property is currently linked to court matters with pending appeals. Various prosecuting and enforcement agencies, including Tippecanoe County, have asked that all property be held until Mr. Bishop's appeals have been exhausted. Once this occurs, Mr. Bishop should inform the court of a proper designee to whom the property can be returned to.

### D. Motion for Recognizance Bond

Mr. Bishop has also filed a motion to be released from incarceration on a recognizance bond. The court can't grant such request. It is the Bureau of Prisons, not the court, which decides where a prisoner will be confined. 18 U.S.C. § 3631(b) ("Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau […] to determine or change the place of imprisonment of that person.").

Mr. Bishop has provided no authority in support of his request other than that he expected to be successful on his 28 U.S.C. § 2255 motion and is therefore entitled to bond release. Mr. Bishop hasn't shown any extraordinary and compelling reasons for a sentence reduction or that he meets any of the other

9

requirements for early release under 18 U.S.C. § 3582(c)(1)(A) or (B), as amended by the First Step Act of 2018, Pub. L. No. 115-391, or Fed. R. Crim. P. 35. 1. While the Attorney General has authority to modify the method of imprisonment from a BOP facility, 34 U.S.C. § 60541, there's no indication that Mr. Bishop has petitioned the Attorney General or Bureau of Prisons for such relief.

### E. Motion for Summary Judgment

Mr. Bishop has also filed a motion for summary judgment under Fed. R. Civ. P 56. The motion contains arguments identical to Mr. Bishop's § 2255 petition and advances various allegations against the government's conduct during the course of litigation. Specifically, Mr. Bishop argues that the government failed to comply with Rule 5 of the Rules Governing Section 2254 and 2255 cases. Mr. Bishop also argues that the government does not dispute the facts and law surrounding Mr. Bishop's § 2255 claim.

Mr. Bishop alleges that the government didn't comply with the requirements under Rule 5(c) and 5(d) of the rules governing 2255 cases. Rule 5(c) involves the attachment of transcripts in a respondent's answer to a 2255 motion. Mr. Bishop is correct that the government didn't attach any transcripts. Though the government didn't directly cite to any transcript or statement made by the parties that would appear in a transcript, the government cited to specific evidence presented to the jury at trial. Per Rule 5(c), the respondent "must attach to the answer parts of the transcript that the respondent considers relevant." Rules Governing Section 2254 And 2255 Cases, Rule 5(c). The government didn't

10

do so here. The government further failed to follow the requirements under Rule 5(d), which requires the attachment of certain appellate briefs.

Those errors didn't infringe on any of Mr. Bishop's constitutional rights. "A non-constitutional error is harmless unless it had a 'substantial influence' on the outcome or leaves one in 'grave doubt' as to whether it had such an effect." United States v. Drummond, 903 F.2d 1171, 1174 (8th Cir. 1990) (citing Kotteakos v. United States, 328 U.S. 750. 1557 (1946). The government's omissions of transcripts and briefs were, at most, harmless non-constitutional procedural errors. Moreover, Mr. Bishop hasn't identified any prejudice regarding the government's noncompliance with Rule 5, so any possible due process violation resulting from the government's omission would also result in harmless error. See Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003). Mr. Bishop also suggests that the government doesn't dispute the facts and law surrounding Mr. Bishop's § 2255 motion. Mr. Bishop can't constructively amend his § 2255 motion through the summary judgment mechanism to advance this argument.

### F. Conclusion

Based on the foregoing, the court DENIES the motion to vacate [Doc. No. 141]; the motion for discovery [Doc. No. 144]; the motion for release on recognizance bond [Doc. No. 147]; and the motion for summary judgment [Doc. No. 150]. The court DENIES the motion for document production [Doc. No. 139] and notes that requests for documents be addressed to the court clerk. The court further DENIES the motion for return of seized property [Doc. No. 137] and notes

that once Mr. Bishop's appeals have been exhausted, he may notify the court of a proper designee to whom to return the property to.

SO ORDERED.

ENTERED:   July 31, 2019

                                               /s/ Robert L. Miller, Jr.
                                           Judge, United States District Court

Cc: E. Bishop