UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EDWARD BISHOP, | )<br>) |
| *Petitioner,* | ) Cause No. 3:19-CV-373 RLM<br>) (Arising from 3:17-CR-55 RLM) |
| v. | )<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| *Respondent.* | ) |

## OPINION AND ORDER

On July 31, 2019 the court denied several motions filed by Mr. Bishop requesting that the court: 1) vacate his conviction and sentence under 28 U.S.C. § 2255; 2) allow for document production regarding collateral attack on his sentence and conviction; 3) allow discovery regarding his collateral attack; 4) return certain seized property; 5) release Mr. Bishop from custody with a recognizance bond; and 6) grant summary judgment on all pending requests. Mr. Bishop asks the court to alter or amend portions of its order pursuant to Federal Rule of Civil Procedure 59(e). In the alternative, Mr. Bishop requests a certificate of appealability. Mr. Bishop later filed several motions to supplement his motion to alter or amend its judgment pursuant to Federal Rule of Civil Procedure 15(d).

Mr. Bishop requested leave to supplement his motion to alter or amend pursuant to Federal Rule of Civil Procedure 15(d). The court can allow a party to serve a supplemental pleading "setting out any transaction, occurrence, or event that happens after the date of the pleading to be supplemented." F.R.C.P. Rule

15(d). Mr. Bishop doesn't want to inform the court of anything that occurred after he filed the pleading, but to clarify the issues. Since Mr. Bishop has no attorney, the court will construe his motion to supplement as a motion to amend. Parker v. Four Seasons Hotels, Ltd., 845 F.3d 807, 811 (7th Cir. 2017) ("A trial court is obligated to liberally construe a pro se plaintiff's pleadings."). The court "should freely give leave" to amend when justice so requires. Fed.R.Civ.P. 15(a)(2). The court gives Mr. Bishop leave to amend, and so considers the arguments provided in his motions when reaching the determinations that follow.

A court may grant a Rule 59(e) motion only if the movant clearly establishes: "(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." Cincinnati Life Ins. Co. v. Beyrer, 722 F.3d 939, 954 (7th Cir. 2013) (internal citation omitted).

Mr. Bishop alleges several manifest errors of law and fact. First, he alleges that the court failed to construe his § 2255 petition liberally and erred by agreeing with the government's arguments. The court must give liberal construction to the pleadings of a pro se litigant, Parker v. Four Seasons Hotels, Ltd., 845 F.3d at 811, but the court also must apply the law correctly. The court construed Mr. Bishop's pleadings liberally and reached the required legal conclusions. Agreement with the government's arguments wasn't error. While the court of appeals has cautioned that arguments in a government brief aren't evidence, see United States v. Stevens, 500 F.3d 625, 628 (7th Cir. 2007) ("arguments in a Government brief, unsupported by documentary evidence, are

2

not evidence"), it has never said that a district court can't agree with the government's legal arguments. The court didn't err in its construction of Mr. Bishop's petition or in agreeing with the legal arguments made by the government.

Mr. Bishop hasn't clearly established that the court committed an error of law or fact in determining that his trial and appellate counsel wasn't unconstitutionally ineffective. To prevail on an ineffective assistance of counsel claim, the petitioner must show both that his attorney's performance "fell below an objective standard of reasonableness" and that there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688-693 (1984). Mr. Bishop alleges that the government and court didn't respond to his ineffective assistance of counsel claims as to (1) trial counsel's failure to file a petition to dismiss count one of the indictment; (2) trial counsel's failure to object to the district court's errors in the jury instructions and verdict form; (3) appellate counsel's failure to attack the defective indictment; (4) appellate counsel's failure to attack the constructive amendment; and (5) appellate counsel's failure to preserve the issue of a Rule 29 acquittal. The court addressed each of these grounds in its previous order.

Mr. Bishop mistakenly says that the court agreed that his trial and appellate counsel's failure to raise some issues deprived him of his Sixth Amendment rights of effective assistance of counsel. The court agreed that his trial and appellate counsel didn't raise those issues, but the court decided that

3

his attorneys weren't unconstitutionally ineffective because the indictment wasn't defective, the jury instructions were proper, and there was sufficient evidence of each required element of the crime. The attorney's choices were reasonable for the same reasons provided in the discussion of constructive amendment and insufficient evidence that follow, and because the indictment wasn't defective.

Mr. Bishop claims that the indictment was defective because it didn't specify what drug trafficking crime Mr. Bishop committed. The indictment wasn't defective. It contained each of the required elements and notified Mr. Bishop of what the government intended to prove. *See* United States v. Vaughn, 722 F.3d 918, 926 (7th Cir. 2013). The indictment identified the date and location of the conduct, laid out the elements, and identified the statute under which Mr. Bishop was charged. Mr. Bishop contends that the indictment should specify what type of drug trafficking offense he committed, but the court of appeals hasn't gone that far. United States v. Franklin, 547 F.3d 726, 730 (7th Cir. 2008). Mr. Bishop also maintains that the indictment was defective because it didn't identify a specific firearm, but "the government isn't required to charge a specific firearm." United States v. Pierson, 925 F.3d 913, 922 (7th Cir. 2019). The decision of Mr. Bishop's trial counsel to not file a motion to dismiss based on a defective indictment was reasonable. The court found that the trial and appellate counsel weren't unconstitutionally ineffective, and Mr. Bishop has provided no authority to cause the court to believe that it made a manifest error of law or fact.

4

Mr. Bishop argues that count one of the indictment was defective and didn't provide him with notice about the accusations against him, and that the court erred in not addressing the merits of this claim. He claims that the defective indictment deprived the court of jurisdiction to adjudicate his case, and that he can now attack the indictment collaterally. Mr. Bishop starts from a mistaken premise: defects in an indictment don't deprive the court of jurisdiction over the case. United States v. Willeumier, 98 F. App'x 558, 559 (7th Cir. 2004) (citing United States v. Cotton, 535 U.S. 625 (2002)). Mr. Bishop also argues that Criminal Rule 12 allows him to challenge the indictment at any time while the case is pending, but Criminal Rule 12(b)(3)(B) provides that defects in an indictment must be raised before trial. The court couldn't consider his objection because Mr. Bishop did not show cause. Fed. R. Crim. P. 12(c)(3). The court properly determined that Mr. Bishop didn't preserve his claim that the indictment was defective.

Mr. Bishop argues that the conviction must be vacated because the district court constructively amended his indictment. The court didn't constructively amend Mr. Bishop's indictment. A grand jury indicted Mr. Bishop for a violation of 18 U.S.C. § 924(c), and a jury returned a verdict of guilty on that count.

Mr. Bishop alleges that the evidence at trial was insufficient to convict him of a federal drug trafficking crime. A conviction under § 924(c) requires legally sufficient proof that the predicate crime was committed. Johnson v. United States, 779 F.3d 125, 129 (2d Cir. 2015). Mr. Bishop argued in his petition that because the evidence didn't demonstrate a large enough amount of marijuana,

he was factually innocent of discharging a firearm in furtherance of a drug trafficking crime. Again, Mr. Bishop's understanding of the law is faulty: the government wasn't required to prove that Mr. Bishop possessed a specific quantity of marijuana, only that Mr. Bishop possessed the marijuana with the intent to distribute. United States v. Smith, 34 F.3d 514, 519 (7th Cir. 1994) ("quantity is not a substantive element of a § 841(a) offense.") (internal citations omitted).

^Mr. Bishop claims that the court erred in its finding that agencies had asked that the property be held until Mr. Bishop's appeals were exhausted; that the State of Indiana and federal government didn't give Mr. Bishop notice of forfeiture before seizing his assets; and that the court can't hold Mr. Bishop's property. Mr. Bishop is correct that the request to hold the property relates to Alain Kiiwon Powell, Jr.'s appeal, rather than his own, but that misstatement doesn't impact the outcome of the issue. Mr. Bishop's claim that the State of Indiana and federal government didn't give him notice of the forfeiture is misplaced because the property isn't being forfeited. The court didn't err in allowing the Warsaw Police Department to hold Mr. Bishop's property because the Tippecanoe County Deputy Prosecuting Attorney has requested that the property be held until Mr. Powell's appeal has concluded. The court didn't err when it denied Mr. Bishop's request to immediately return the property.

Mr. Bishop contends that the court should have granted summary judgment on his § 2255 petition because the government didn't "dispute, deny or otherwise answer Sections 12 (a,b,c,d) of the petition." The court's reading of

the government's submission differs from Mr. Bishop's understanding. The government addressed Mr. Bishop's contentions by arguing that his legal interpretations were inaccurate. The court's denial of summary judgment was not a manifest error of fact or law.

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Issuance of a certificate of appealability requires the court to find that Mr. Bishop has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons already discussed, he hasn't made such a showing, and the court declines to issue a certificate of appealability.

For these reasons, the court:

(1) GRANTS Mr. Bishop's motions to supplement [Docs. Nos. 158, 159 161, 163, 164];

(2) DENIES Mr. Bishop's motion to alter or amend judgment [Doc. No. 154]; and

(3) DECLINES to issue a certificate of appealability.

SO ORDERED.

ENTERED: January 31, 2020

/s/ Robert L. Miller, Jr.
Judge, United States District Court

Cc: E. Bishop

7